UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-81218-CIV-COHN/SELTZER

LINDA ANGRIGNON, as Personal
Representative of the ESTATE OF ALLAN
ANGRIGNON, and LINDA ANGRIGNON,
individually,

        Plaintiff,

v.

KLI, INC., d/b/a KLI GLOBAL, INC., f/k/a
KUA CORP., f/k/a KELLER INDUSTRIES,
INC., a foreign corporation,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand and Incorporated Memorandum of Law [DE 9] ("Motion to Remand"). The Court has considered the Motion to Remand, Defendant KLI, Inc.'s Response [DE 19], Plaintiff's Reply [22], the record in this case, the applicable law and is otherwise advised in the premises.

This action arises out of the fatal injuries Allan Angrignon suffered while using a Keller Extension ladder, Model No. 3524, when the ladder unexpectedly collapsed. (Compl. ¶ 2). The Complaint alleges that the "ladder in question was designed, manufactured, distributed, marketed and/or otherwise sold by" Defendant. (Id.). The Complaint brings claims of Strict Liability, Negligence and Strict Liability for Failure to Warn against Defendant. The suit was initiated in state court and removed to this Court by Defendant on October 22, 2008 on the basis of diversity. On November 18, 2008, Plaintiff filed the Motion to Remand requesting that this action be remanded to the Circuit Court of Palm Beach County, Florida.

## II. ANALYSIS

1.  **Legal Standard**

Federal courts are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations. See generally 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008). Accordingly, if a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of demonstrating the court's jurisdiction over the matter. Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002). "Where a plaintiff fails to specify the total amount of damages demanded . . . a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." Id.[1]

To determine if this burden is satisfied, a court may not look beyond the notice of removal and evidence submitted by the parties "relevant to the amount in controversy at the time the case was removed." Lowery v. Alabama Power Company, 483 F.3d 1184, 1209 (11th Cir. 2007), cert. denied, --- U.S. ---, 128 S.Ct. 2877, 171 L.Ed.2d 812 (2008). "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." Id. at 1211.

---

[1] Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the plaintiff and the defendant are citizens of different states. 28 U.S.C. § 1332(a). Here, the parties agree that they are citizens of different states for purposes of diversity. (See Motion to Remand at 3) ("the parties are diverse for purposes of" 28 U.S.C. § 1332). Thus, the sole question is whether the amount in controversy exceeds $75,000.

2

2.  **Analysis of Plaintiff's Motion to Remand**

Plaintiff's Motion to Remand is based on the argument that Defendant's Notice of Removal [DE 1] does not meet Defendant's burden to establish that the amount in controversy satisfies this Court's jurisdictional requirements. In particular, Plaintiff argues that Defendant lacks any factual basis to argue that Plaintiff's alleged damages exceed $75,000 because the only reference in the Complaint to a specific amount of damages is that "[t]his is an action for damages against Defendant in excess of Fifteen Thousand Dollars ($15,000.00)." (Compl. ¶ 1).

On December 16, 2008, Defendant filed its Response to the Motion to Remand. Defendant's Response argues that because Plaintiff's Complaint is based on a claim for wrongful death, it is "facially apparent" that the amount in controversy is in excess of $75,000. In support of this argument, Defendant points to damages sought by Plaintiff, which include: (1) damages on behalf of the estate for "medical or funeral expenses;" (2) damages on behalf of the estate for "loss of prospective net accumulations;" (3) damages on behalf of Plaintiff, Linda Angrignon, "as the surviving spouse of Allan Angrignon, [for] loss of her husband's companionship and protection and mental pain and suffering from the date of the injury;" and (4) "all other damages allowed by Florida Statutes Section 768.21" on behalf of the estate and Plaintiff, individually. (See, e.g., Compl. ¶ 29). In addition, Defendant cites to a number of cases where courts have held that it was "facially apparent" that a complaint including a wrongful death claim satisfies the federal amount in controversy requirement.[2]

---

[2] (Response at 4) (citing De Aguilar v. Boeing Co., 11 F.3d 55, 57 (5th Cir. 1993); Cooper v. R.J. Reynolds Tobacco Co., 586 F.Supp.2d 1312 (M.D. Fla. 2008); Knickerbocker v. Chrysler Corp., 728 F.Supp. 460 (E.D. Mich. 1990); Barahona Rodriguez v. Kivett's Inc., 2006 WL 2645190 (S.D. Miss. Sept. 12, 2006); Vega Torres v. Municipality of Arecibo, 2004 WL 1202731 (D. Puerto Rico Apr. 16, 2004).

3

Plaintiff's Motion to Remand relies heavily on the case of Siniard v. Ford, 554 F.Supp.2d 1276 (M.D. Ala. 2008), in which Chief Judge Mark E. Fuller remanded a wrongful death action to state court after holding that defendant failed to carry its burden of establishing the jurisdictional amount by a preponderance of the evidence. Id. at 1279. The Siniard court, quoting the Eleventh Circuit, stated that the "defendant and the court may not speculate about the amount in controversy, nor should 'the existence of jurisdiction' be 'divined by looking to the stars.'" Id. at 1278 (quoting Lowery, 483 F.3d at 1215).

Significantly, Chief Judge Fuller has subsequently explained that his reasoning is, in part, based on the fact that the "measure of damages in an Alabama wrongful death claim is not the value of human life but rather the wrongfulness of the defendant's conduct." Thibodeaux v. Paccar, Inc., --- F.Supp.2d ---, 2009 WL 27225, *3 (M.D. Ala. Jan. 6, 2009) (remanding wrongful death action to state court). Accordingly, because there was "no evidence of Defendant's culpability before the Court," Chief Judge Fuller held that the defendant did not satisfy its burden that the jurisdictional amount had been met. Id. Conversely, in the action before this Court, Plaintiff is seeking damages for "loss of her husband's companionship and protection and mental pain and suffering from the date of the injury," in addition to damages on behalf of the estate for "medical or funeral expenses" and "loss of prospective net accumulations." (Compl. ¶ 29).

Plaintiff also cites Lowery for the pronouncement that the Eleventh Circuit found "it highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us – where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice – without seriously testing the limits of compliance with Rule 11. Unlike the typical plaintiff who originally brings a diversity action in federal court, the

removing defendant generally will have no direct knowledge of the value of the plaintiff's claims." Lowery, 483 F.3d at 1215 n.63.  As an initial matter, the case before this Court is readily distinguishable from Lowery, where the court faced the claims of more than 100 plaintiffs based on damages including physical injury, emotional distress and loss of the use and enjoyment of property allegedly caused by pollutants released by defendants.  Moreover, the Plaintiff in this wrongful death action is in a superior position, at this stage, to both the Defendant and the Court in terms of evaluating the amount of damages such as funeral expenses and loss of prospective earnings.  However, the same dynamic does not exist with respect to estimating the potential damages a jury may award for Plaintiff's "loss of her husband's companionship and protection and mental pain and suffering from the date of the injury," (Compl. ¶ 29); unless, Plaintiff affirmatively states that she is seeking an amount less than $75,000.[3]

Tellingly, Plaintiff's Motion to Remand never claims that the amount of damages sought is less than, or will likely be less than, $75,000.  The Supreme Court has held that with respect to a party seeking to litigate in federal court, "[i]f his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof." McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936).  Here, Plaintiff does not challenge the fact that this action involves a wrongful death claim; nor does the Motion to Remand present any argument that based on the types of damages seeking, this case might likely result in damages

---

[3] "The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties.  That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal." Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 448 (7th Cir. 2005); see also McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover.  Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

less than $75,000. As the Tenth Circuit acknowledged, "a plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount. This would allow frustration of the purpose of diversity jurisdiction, which is, after all, to protect the out-of-state defendant." McPhail, 529 F.3d at 955.[4]

In the Reply, Plaintiff argues that the Siniard court rejected defendant's attempt in that case "to satisfy its burden by presenting a survey of wrongful death verdicts from that jurisdiction." (Reply at 2). Indeed, in Lowery, the Eleventh Circuit diminished the probative value of "evidence regarding the value of purportedly similar tort claims." Lowery, 483 F.3d at 1221. The Lowery opinion questioned "whether such general evidence is ever of much use in establishing the value of claims in any one particular case," because "the facts regarding other cases tell us nothing about the value of the claims in this lawsuit." Id.[5] However, the citations set forth in Defendant's Response

---

[4] Shortly after Plaintiff filed the Motion to Remand, Defendant filed a Motion to Shorten Time for Plaintiff to Respond to First Request for Admissions, or Alternatively, to Postpone Ruling on Plaintiff's Motion to Remand Pending Plaintiff's Answers to Defendant's First Request for Admissions [DE 11]. The thrust of Defendant's Motion was to permit the Defendant to obtain and rely on requests for admissions regarding Plaintiff's damages in opposing Plaintiff's Motion to Remand. The Court denied Defendant's Motion relying on the holding in Lowery that a district court "should not reserve ruling on a motion to remand in order to allow the defendant to discover the potential factual basis for jurisdiction." Lowery, 483 F.3d at 1217; see also id. at 1218 ("A district court should not insert itself into the fray by granting leave for the defendant to conduct discovery or by engaging in its own discovery."). Nevertheless, prior to filing its Response, Defendant obtained responses to the requests for admissions wherein Plaintiff admitted that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." (Exhibit 1 to Response, Plaintiff's Response to Defendant KLI's First Request for Admissions, ¶ 5). Defendant attached Plaintiff's admissions to its Response. Consistent with Lowery, the Court did not rely on such evidence in reaching its holding that Defendant had met its burden in this case. Rather Plaintiff's admissions confirm what this Court concluded by relying on the face of the Complaint and common sense.

[5] The Court does note, however, that complaints in wrongful death actions are more probative than those involving severe injuries in evaluating the amount in controversy. In a case involving injury, a court will be forced to speculate regarding the duration, extent or severity of the harms alleged when a defendant removes on the

are not cases to demonstrate that verdicts have been returned in excess of $75,000 for claims similar to those raised by Plaintiff, but rather cases where, based on the face of complaints similar to the one in this action, courts held that the amount in controversy requirement was satisfied. These cases stand for the proposition that a court may deny a motion to remand when it is "facially apparent" from a complaint that a plaintiff seeks damages that exceed the requisite amount in controversy. See, e.g., De Aguilar, 11 F.3d at 57. Although Lowery can be read as scaling back the number of cases where it is facially apparent that a complaint with unspecified damages satisfies the amount in controversy requirement, it does not entirely foreclose the possibility. See Lowery, 483 F.3d at 1211 (stating that a federal court has jurisdiction where "the jurisdictional amount is either stated clearly on the face of the documents, or readily deducible from them").

3.  **Case Law Supporting Removal**

"A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." McPhail, 529 F.3d at 955. In McPhail, the plaintiff alleged that defendant's defective tractor design led to Mr. McPhail's "severe bodily injuries" which in turn led to "permanent and progressive injury" and his "wrongful death." Id. at 957. The court found that "[g]iven these allegations and the nature of the damages sought, the complaint on its face may be

---

basis of nothing more than the complaint. See Treat v. Thermoguard Equipment Inc., 2008 WL 4453104, *2 (N.D. Okla. Sept. 29, 2008) (ordering remand because the court did not have sufficient information regarding "the extent of [plaintiff's] arm injury or the length of his hospitalization"); Levy v. Stockstill, 2003 WL 1903340, *4 (E.D. La. Apr. 14, 2003) (granting motion to remand where court was not "shown any evidence as to the nature or the extent of the injuries from which a reasonable assessment of the damages [could] be made"). No such speculation is required in a wrongful death action.

7

sufficient by itself to support removal." Id. at 957.[6] In reaching its holding, the McPhail court also relied on correspondence between counsel in which plaintiff's counsel stated that the amount in controversy "very well may be" in excess of $75,000. Id.

In De Aguilar, the Fifth Circuit found that "although the complaint in the instant case did not specify an amount of damages, it is facially apparent that damages sought by the plaintiffs here exceed $50,000."[7] De Aguilar, 11 F.3d at 57. "It is facially apparent that the claims in this case – claims for wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses – did exceed $50,000 at the time of removal." Id. Plaintiff's Reply points out that the court in De Aguilar mentions that "many of the same plaintiffs in this action pled damages of up to $5,000,000 in other forums for the same injuries." (Reply at 3) (quoting De Aguilar, 11 F.3d at 58). However, the court mentions this as an alternative basis for its holding and begins its discussion of this point by stating "even if the amount in controversy were not facially apparent." De Aguilar, 11 F.3d at 57.

Plaintiff's Reply also distinguishes the Vega Torres case, another decision cited by Defendant. (See Reply at 3). While it is true that there are material differences between this action and the Vega Torres case, there is nothing in the Vega Torres opinion that would support the arguments made in Plaintiff's Motion to Remand. Moreover, Plaintiff fails to distinguish the additional cases cited by Defendant which

---

[6] The complaint in McPhail sought damages provided in Oklahoma's wrongful death statute. "That statute allows recovery for medical and burial expenses, the loss of consortium and the grief of the surviving spouse, the mental pain and anguish suffered by the decedent, pecuniary loss based on earning capacity, and grief and loss of companionship; it also permits an award of punitive damages." McPhail, 529 F.3d at 957 (citing Okla. Stat. tit. 12, § 1053).

[7] At the time De Aguilar was decided, the amount in controversy requirement was $50,000.

support removal of a wrongful death action under circumstances similar to those presented in this case. See Cooper, 586 F.Supp.2d at 1315 ("It is 'facially apparent' that, by combining the claims of at least 100 smokers who seek damages based on wrongful death, permanent bodily injury, pain and suffering and shortened life expectancy, this case meets or exceeds the $5 million amount in controversy required under CAFA. Indeed, it is likely that each individual plaintiff makes a claim exceeding $75,000."); Knickerbocker, 728 F.Supp. at 463 ("This being a wrongful death action, the amount is controversy clearly exceeds $50,000."); Barahona Rodriguez, 2006 WL 2645190 at *1 (finding that because plaintiff seeks compensatory and punitive damages from an alleged wrongful death, "it is facially apparent that she is seeking damages in an amount greater than the jurisdictional limit").

4.      **Conclusion**

The Eleventh Circuit has described Defendant's removal burden as follows: "the removing defendant must establish the amount in controversy by '[t]he greater weight of the evidence, . . . [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other.'" Lowery, 483 F.3d at 1209 (quoting Black's Law Dictionary 1220 (8th ed. 2004)). The Eleventh Circuit also cautioned that "the existence of jurisdiction should not be divined by looking to the stars." Lowery, 483 F.3d at 1215. Mindful of the controlling standard, the Court need not "look to the stars" in this case. Based on the unchallenged factual allegation that a life was lost, the Court has engaged in a common sense evaluation of the types of damages that Plaintiff is seeking and concludes Defendant has established by a preponderance of the evidence that the amount in controversy is in excess of $75,000.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's

Motion to Remand [DE 9] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 27th day of February, 2009.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF