UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-81218-CIV-COHN/SELTZER

LINDA ANGRIGNON, as Personal
Representative of the ESTATE OF ALLAN
ANGRIGNON, and LINDA ANGRIGNON,
individually,

        Plaintiff,

v.

KLI, INC., d/b/a KLI GLOBAL, INC., f/k/a
KUA CORP., f/k/a KELLER INDUSTRIES,
INC., a foreign corporation,

        Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER VENUE

**THIS CAUSE** is before the Court on Plaintiff's Motion to Transfer Venue [DE 53]. The Court has considered the Motion and the exhibits thereto, Defendant's Response [DE 57], Plaintiff's Reply [DE 62] and the exhibits thereto, the record in this case, and is otherwise advised in the premises.

## I. BACKGROUND

This action arises out of the fatal injuries Allan Angrignon suffered while using a Keller Extension ladder, Model No. 3524, when the ladder unexpectedly collapsed. (Compl. ¶ 2.) The Complaint alleges that the "ladder in question was designed, manufactured, distributed, marketed and/or otherwise sold by" Defendant. (Id.) The Complaint brings claims of Strict Liability, Negligence and Strict Liability for Failure to Warn against Defendant.

Plaintiff initially brought the action in state court in Palm Beach County, Florida.

The case was removed to this Court by Defendant on October 22, 2008 on the basis of diversity. Although the action is based on events that took place in Lake County, Florida, which is located in the Middle District of Florida, the Motion states that Plaintiff filed suit in Palm Beach County based upon the belief that Defendant's corporate headquarters were located in West Palm Beach, Florida. (Motion at 2.) However, Defendant denied this allegation in Defendant's Answer and Affirmative Defenses. (Id.) In fact, Defendant's corporate headquarters are located in California. (Reply at 2.) In addition, the Motion states that it was Defendant that initially raised the idea of transferring this action to the Middle District at a pretrial conference before United States Magistrate Judge Seltzer on November 17, 2008. (Motion at 2.) By letter dated February 23, 2009, Defendant again raised the issue indicating that it intended to file a "motion to transfer this action from the Southern District of Florida to the Middle District of Florida based on forum non conveniens." (DE 53-4.)

On April 7, 2009, after this Court denied Plaintiff's Motion to Remand, Plaintiff sent a letter to Defendant and offered to file the Motion to Transfer jointly. (See DE 53-5.) Defendant responded the next day indicating that it had "decided against moving to transfer venue." (DE 53-6). The instant Motion to Transfer was filed on April 10, 2009 and Defendant filed a Response in opposition to the Motion

## II. DISCUSSION

Plaintiff has moved to transfer venue to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Section 1404 gives the district courts discretion to "adjudicate motions for transfer according to an individualized case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). The party moving for transfer bears the burden to demonstrate that the transfer would be in the interest of justice and for the convenience of the parties. Thermal Technologies, Inc. v. Dade Service Corp. 282 F.Supp.2d 1373, 1375 (S.D. Fla. 2003). In analyzing Plaintiff's Motion, the Court must consider the following two questions: 1) whether the action could have been brought in the Middle District of Florida; and 2) whether various factors justify a transfer to another forum. Id. at 1376.

With respect to the first question, Plaintiff asserts that venue is proper in the Middle District of Florida because the accident and the events leading up to it occurred in Lake County, Florida. (Motion at 4) (citing 28 U.S.C. § 1391(a)(2) (venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"). Defendant acknowledges that venue is proper in the Middle District. (Response at 1-2). Moreover, Defendant's Response does not "state that the Southern District is a proper venue." (Reply at 1.) Accordingly, the Court finds that the Middle District of Florida is a proper venue for this action.

Turning to the second question, the Supreme Court has explained that a motion to transfer venue calls on the district court to weigh a number of case-specific factors, including the parties' private expression of their venue selection and public factors such as the convenience of the witnesses, systemic integrity, and fairness. Stewart, 487 U.S. at 29-30. In considering convenience, courts should examine the parties' residences, the residence of potential witnesses, the situs of events giving rise to the lawsuit, and the

3

location of records and documents.  See In re Walter, 47 B.R. 240, 241 (M.D. Fla. 1985); First Union Nat. Bank v. U.S., 55 F.Supp.2d 331, 333 (E.D. Pa. 1999).

A substantial majority of the witnesses reside in the Middle District and the accident scene and much of evidence is also located there.  (See Motion at 5-6.)  It is also significant that the Middle District is now the Plaintiff's choice of forum.  See Robinson v. Giarmarco & Bill, P. C., 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."); A.J. Taft Coal Co., Inc. v. Barnhart, 291 F.Supp.2d 1290, 1309 (N.D. Ala. 2003) ("in this Circuit, a plaintiff's choice of forum typically is entitled to considerable deference").  The Court acknowledges that such deference is usually based on Plaintiff's initial choice of forum.  Nevertheless, the Court finds that this consideration remains relevant under the circumstances here where a plaintiff is moving to transfer, even if the weight given to this consideration is diminished.

Defendant does not take serious issue with the foregoing discussion.  Instead, Defendant's primary argument is that Plaintiff's Motion is untimely.  (See Response at 3.)  Defendant argues that because the Motion "was not seasonably made," Plaintiff must point to a "change in circumstance" to justify the transfer.  (Id.)  However, "[a] delay in making a motion for transfer is not generally a sufficient ground for denying the motion, although it is a factor which may be taken into consideration."  32A Am. Jur. 2d Federal Courts § 1298.  Moreover, Plaintiff cites the confusion over Defendant's corporate headquarters as a change in circumstance and explains that Plaintiff moved to transfer shortly after learning that Defendant no longer sought to transfer the action to the Middle District.  Therefore, and in light of the considerations discussed above, the Court finds

that Plaintiff has met the burden of showing that transfer would be in the interest of justice and for the convenience of the parties.

### III. <u>CONCLUSION</u>

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Transfer Venue [DE 53] is hereby **GRANTED**. A Transfer Order will issue once the Court has resolved all pending motions.

**DONE and ORDERED** in Chambers at Fort Lauderdale, Florida, this 12th day of June, 2009.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided:

Counsel of record via CM/ECF